IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 17-CR-20007-JAR-9 |
| VALENTIN SERRANO-BALCAZAR, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Valentin Serrano-Balcazar's pro se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines (Doc. 368). Specifically, Defendant's motion asserts he is entitled to a sentence reduction based upon the fact he is a "Zero-Point Offender." The motion is fully briefed, and the Court is prepared to rule. For the reasons discussed below, the Court dismisses Defendant's motion.

**I.   Facts**

On February 5, 2019, Defendant pled guilty to Count I of the Indictment; namely, conspiracy to possess with the intent to distribute more than 5 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii) and 18 U.S.C. § 2.[1]

The Presentence Investigation Report calculated Defendant's base offense level at 38 which included 2-level increases pursuant to Section 2D1.1(b)(5) (importation) and Section 2D1.1(b)(12) (maintaining a premises), resulting in an adjusted offense level of 42.[2]

---

[1] Doc. 151.

[2] *See* PSR, Doc. 173 ¶¶ 104–10.

Based upon a total offense level of 39 and a criminal history category of I, Defendant's guideline range was calculated at 262–327 months.[3]

On May 7, 2019, the court[4] sentenced Defendant to 104 months' imprisonment.[5]

On February 26, 2024, Defendant filed the instant motion seeking a reduction in his sentence based on the fact that he is a "Zero-Point Offender."[6]

## II.    Standard

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[7]  Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."[8]

Additionally, the Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023.[9]  Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."[10]  With

---

[3] *Id.* at ¶ 140.

[4] This case was transferred to the undersigned on February 20, 2020.  Doc. 262.

[5] Doc. 194.

[6] Doc. 368.

[7] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[8] *See* 18 U.S.C. § 3582(c)(2).

[9] U.S. Sent'g Guidelines Manual (U.S. Sent'g Comm'n 2023).

[10] U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023).

respect to the guideline for Zero-Point Offenders, a defendant is eligible for a two-level reduction in his offense level if he or she meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . ."[11]

### III.   Discussion

Defendant's motion, construed liberally, seeks a reduction in sentence based on Amendment 821 to the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2). As noted, Defendant maintains that he was assigned no criminal history points and that, accordingly, he is a Zero-Point Offender entitled to a decrease of two offense levels. However, as the government correctly argues, Defendant fails to meet Amendment 821's eligibility requirements.

---

[11] *See* U.S.S.G. § 4C1.1(a).

Defendant fails to qualify for a retroactive reduction under U.S.S.G. § 4C1.1 because he was sentenced to the statutory mandatory minimum, which is well below the low-end of the amended guideline range of 210 months.[12]  Thus, the changes to the United States Sentencing Guidelines based on Amendment 821 are inapplicable to Defendant and the Court lacks jurisdiction to provide Defendant's requested relief.[13]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines (Doc. 368) is **dismissed**.

**IT IS SO ORDERED.**

Dated: April 10, 2024

                                              s/  Julie A. Robinson
                                             JULIE A. ROBINSON
                                             UNITED STATES DISTRICT JUDGE

---

[12] *See* PSR, Doc. 173 ¶ 140; U.S.S.G. § 1B1.10(b)(2)(A).

[13] *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014).